# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK JAMES WERNER,

    Plaintiff,

v.                                                                                                   Case No. 12-cv-0380

JOHN GOSSAGE,
TODD DELAIN,
LARRY MALCOMSON,
CORPORAL LANGAN,
C. PATTERSON,
R. LEYENDECKER,
A. PAULS, and
CORPORAL TRINKNER,

    Defendants.

---

### DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC 2), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC 4) AND DISMISSING PLAINTIFF'S COMPLAINT

This matter comes before the court on plaintiff's motion for leave to proceed *in forma pauperis*, plaintiff's motion to appoint counsel and for screening the complaint. Plaintiff has paid the initial partial filing fee as assessed. Now, therefore, the court is required to screen his pro se prisoner complaint which seeks relief against officers or employees of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss the complaint or portion thereof if plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To assert a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled

to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

*Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On February 5, 2012, while he was housed at the Brown County Jail, plaintiff requested copies of Black's Law Dictionary and the Wisconsin Lawyer Directory. Corporal Langan responded to plaintiff that the jail did not have the materials and was unable to provide them. Afterward, plaintiff filed a grievance which was denied as unfounded. However, plaintiff was advised that state statutes and excerpts from the state administrative code were available and that specific cases could be provided at the cost of 25 cents per page.

Later, plaintiff requested the Department of Community Corrections manual and was informed that only Chapter 4 was available and that other portions of the manual were not on hand. Plaintiff responded by filing a grievance which was denied and closed with the statement that the Brown County Jail does not have access to a full legal library and that he will need to narrow the scope of his request to a portion of the manual that he needs.

Plaintiff appealed this decision which was denied with the explanation that an inmate represented by an attorney can have the lawyer provide copies of legal documents and that otherwise the inmate must pay 25 cents per page for legal materiels. The table of contents for the Department of Community Corrections manual accompanied the decision. Lastly, plaintiff noted overcharging at the commissary and discriminatory acts concerning

some commissary items such as an indigent pack that includes soap, shampoo and tooth paste.

Taking all of the plaintiff's assertions into account, it appears that the complaint is challenging the adequacy and sufficiency of the law library at the Brown County Jail. However, this claim cannot succeed without a showing of actual injury. There is no "abstract, freestanding right to a law library . . . [and] . . . an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To establish a violation of the right to access to the courts, an inmate must establish that jail officials failed to provide the assistance required by *Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.") However, an inmate also must "demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal action." *Lewis*, 518 U.S. at 351. The actual-injury requirement applies even in cases "involving substantial, systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to *all* legal materials." *Id.* at 353, n 4 (emphasis in original). Thus, even if the inmate can establish an "absolute deprivation of access to all legal materials," *id.*, his claim will fail absent identification of some injury linked to the deprivation. For these reasons, plaintiff may not proceed in this case because he has failed to identify any claim that was compromised or lost due to the alleged inadequate

4

library at the Brown County Jail. *See Christopher v. Harbury*, 536 U.S. 403, 414 (2002). Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed in forma pauperis (DOC 2) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (DOC 4) is DENIED AS MOOT.

IT IS FURTHER ORDERED that this action be and hereby is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $320.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge